Order issued September 26, 2012



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-11-01495-CR

**JONATHAN BRUCE REED, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4
Dallas County, Texas
Trial Court Cause No. F81-01988-K**

## ORDER

The Court has before it appellant's September 13, 2012 second motion to supplement the clerk's record. Appellant asserts a previously filed supplemental clerk's record "still omits key pretrial pleadings" and does not have the pages numbered for citing to the record. Appellant provides no listing of the specific pleadings missing, but does provide copies of defendant motions that should be included in the clerk's record. The Court also notes that many documents are required to be included in the clerk's record by rule 34 of the Texas Rules of Appellate Procedure.

We **GRANT** appellant's motion to supplement the clerk's record to the extent he has identified the specific motions to be included in the supplemental clerk's record.

We **ORDER** the Dallas County District Clerk to file a supplemental clerk's record that is

properly paginated, within **FIFTEEN DAYS** from the date of this order, that includes the following: (1) Defendant Jonathan Reed's first amended motion to suppress out-of-court identification and to preclude in-court identification; (2) Defendant's requested jury charge - eyewitness testimony; (3) Defendant's requested charge - eyewitness testimony no. 2; (4) Motion to exclude testimony of Dr. Thomas Gilchrist; (5) Motion to exclude the prior testimony of Ken Ezelle and supporting memorandum of law; (6) Motion to exclude prejudicial testimony (Rusty Stapleton); and (7) Motion to exclude extraneous offense evidence (Roxanne "Pebble" Willie).

We further **ORDER** the Dallas County District Clerk to include in the supplemental clerk's record the following items, pursuant to TEX. R. APP. P. 34.5(a)(2): (1) the indictment; (2) any written waiver; (3) any written stipulation; (4) the trial court's docket sheet; (5) the trial court's charge to the jury; (6) the jury's verdict; and (7) any post-judgment motion and the trial court's order on the motion.

We further **ORDER** the Dallas County District Clerk to correct the supplemental clerk's record filed on August 9, 2012 by filing a corrected supplemental record that includes page numbering on each page.

We **ORDER** appellant to file the brief within **FORTY-FIVE DAYS** from the date of this order.

_____
LANA MYERS
JUSTICE

-2-